

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**SOPHIA SHABANI**
Plaintiff,

v.

**DYCK O'NEAL INC.,**
Defendant.

PX 25CV0020

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Plaintiff Sophia Shabani** (hereinafter "Plaintiff"), proceeding **pro se**, brings this Complaint against Defendant Dyck O'Neal Inc. (hereinafter "Defendant"), and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law, including the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) ("FDCPA"), and pursuant to 28 U.S.C. § 1367 for supplemental state law claims.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in Maryland, and the events giving rise to this Complaint occurred in Prince George's County, Maryland.

### II. PARTIES

3. Plaintiff Sophia Shabani is a resident of Prince George's County, Maryland, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant Dyck O'Neal Inc. is a corporation engaged in the collection of debts and regularly conducts business in Maryland. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III. FACTUAL BACKGROUND

5. Plaintiff was the subject of a foreclosure action filed in the Circuit Court for Prince George's County, Maryland, Case No. CAE09-16789.

6. Plaintiff was never served with process in the foreclosure action and was therefore denied an opportunity to defend herself against the claims made by Defendant.

7. Defendant lacked a valid and proper assignment of the debt

in question and lack of legal standing to initiate or pursue the foreclosure action.

8. The debt underlying the foreclosure was securitized, rendering Defendant's claim of ownership over the debt invalid and unenforceable.

9. Case Law: In *Jarman v. Carolina Casualty Insurance Co.*, 108 F. Supp. 3d 338 (E.D.N.C. 2015), the court held that debt collectors must provide evidence of valid assignment and standing to collect a debt, ensuring they are the proper party to pursue collection actions.

10. Defendant unlawfully garnished Plaintiff's wages following a judgment obtained in the foreclosure action. This garnishment caused Plaintiff to lose her employment, resulting in severe financial hardship and emotional distress.

11. Defendant's actions have caused Plaintiff ongoing harm, including damage to her credit, loss of income, and emotional anguish.

## IV. CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12. Defendant violated the FDCPA by attempting to collect a debt it was not legally entitled to collect, including but not limited to: a. Falsely representing the character, amount, or legal status of the debt (§ 1692e(2)(A)); b. Using unfair or unconscionable means to collect or attempt to collect the debt (§ 1692f); c. Taking legal action without proper documentation of ownership or assignment of the debt (§ 1692e(5)).

13. Case Law: In *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court held that inaccurate or incomplete information collection practices can cause concrete harm under the FDCPA.

### COUNT II – ABUSE OF PROCESS

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

15. Defendant filed and pursued the foreclosure action with improper motives, including collecting a debt it did not legally own or was not assigned, and garnished Plaintiff's wages unlawfully.

16. F.3d 72 (2d Cir. 2016), the court emphasized that misuse of legal processes for collecting a debt constitutes abuse of process under the FDCPA.

## COUNT III – NEGLIGENCE

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
18. Defendant owed Plaintiff a duty of care to ensure the validity and enforceability of the debt before initiating foreclosure and wage garnishment actions.
19. Defendant breached this duty by failing to verify the assignment of the debt and by pursuing legal remedies without proper documentation or authority.
20. Case Law: In *Heintz v. Jenkins*, 514 U.S. 291 (1995), the Supreme Court ruled that the FDCPA applies to attorneys and debt collectors engaging in negligent collection practices.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
22. Defendant's actions were intentional, reckless, and extreme, including filing a foreclosure action without proper standing and garnishing Plaintiff's wages unlawfully.
23. Defendant's conduct caused Plaintiff severe emotional distress, including anxiety, depression, and other physical and mental symptoms.
24. Case Law: In *Gomez v. Toledo*, 446 U.S. 635 (1980), the court recognized intentional tort claims for emotional distress when acts are extreme and outrageous.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For compensatory damages in the amount of **$1,000,000** for lost wages and emotional distress;

B. For punitive damages in an amount sufficient to punish Defendant for its willful and malicious conduct;

C. For statutory damages pursuant to 15 U.S.C. § 1692k;

D. For injunctive relief prohibiting Defendant from further

collection activities related to the alleged debt;

E. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


Sophia Shabani
6975 Old Dorsey Rd, Eldridge, MD 21075
shabanire@yahoo.com
Pro Se Plaintiff